IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFNEY JAMISON, | § | |
| individually and on behalf of all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:15-cv-2484 |
| v. | § | |
| | § | |
| ESURANCE INSURANCE SERVICES, | § | CLASS ACTION |
| INC. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANT ESURANCE INSURANCE SERVICES, INC.'S
SECOND AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY**

TO THE HONORABLE JANE J. BOYLE:

COMES NOW Tiffney Jamison ("Plaintiff"), individually and on behalf of all others similarly situated, and files this Response in Opposition to the Motion to Dismiss or in the Alternative to Stay (Dkt. #19) filed by Esurance Insurance Services, Inc. ("Defendant").

W. Craft Hughes (TBN 24046123)
craft@hughesellzey.com
Jarrett L. Ellzey (TBN 24040864)
jarrett@hughesellzey.com
**HUGHES ELLZEY, LLP**
2700 Post Oak Blvd., Suite 1120
Houston, TX 77056
Phone (713) 554-2377
Facsimile (888) 995-3335

Mark A. Alexander (TBN 01007500)
**MARK A. ALEXANDER, P.C.**
5080 Spectrum Drive, Ste. 850
Addison, Texas 75001
Phone (972) 364-9700
Facsimile (972) 239-2244

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**

## TABLE OF CONTENTS

I.     INTRODUCTION & SUMMARY OF RESPONSE ........................................................ 1

II.    FACTS & PROCEDURAL HISTORY ........................................................................... 4

III.   ARGUMENT & AUTHORITIES ................................................................................... 5

    A.   Applicable Standard For Rule 12(b)(1) Motion ........................................................ 5

    B.   From the Fifth Circuit on August 12: An Offer Of Judgment Does
        Not Moot a Plaintiff's Claim .................................................................................... 6

        i.    The *Hooks* case and its Application to This Case. ........................................ 7

        ii.   Other Circuits Reject the Same Argument Defendant Makes
            Here. ................................................................................................................ 9

    C.   Plaintiff Has Article III Standing ........................................................................... 11

    D.   A Stay of This Case is Improper ............................................................................. 15

        i.    A Grant Of Certiorari Has No Precedential Significance ............................. 15

        ii.   Defendant Fails to Satisfy the Four Factors Necessary to Stay
            this Case ......................................................................................................... 16

        iii.  District Courts in This Circuit Have Refused to Stay Cases
            Like This ........................................................................................................ 18

IV.    CONCLUSION & PRAYER ....................................................................................... 19

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Alliance for the Wild Rockies v. Cottrell*,
    632 F.3d 1127 (9th Cir. 2011) ............................................. 17

*Alpern v. UtiliCorp United, Inc.*,
    84 F.3d 1525 (8th Cir. 1996) ............................................. 9

*Campbell-Ewald Co. v. Gomez*,
    No. 14-857, 2015 WL 246885 (U.S. May 18, 2015).................................... 1, 3, 18

*Chapman v. First Index, Inc.*,
    796 F.3d 783 (7th Cir. 2015) ............................................. 1, 3, 9

*Chapman v. Wagener Equities, Inc.*,
    747 F.3d 489 (7th Cir. 2014) ............................................. 12

*Colorado River Water Conservation Dist. v. U.S.*,
    424 U.S. 800 (1976).......................................................... 16

*CTI–Container Leasing Corp. v. Uiterwyk Corp.*,
    685 F.2d 1284 (11th Cir.1982) ............................................. 18

*Damasco v. Clearwire Corp.*,
    662 F.3d 891 (7th Cir. 2011) ............................................. 9

*Diaz v. First Am. Home Buyers Prot. Corp.*,
    732 F.3d 948 (9th Cir. 2013) ............................................. 10

*Funeral Consumers Alliance, Inc. v. Serv. Corp. Intern.*,
    695 F.3d 330 (5th Cir.2012) ............................................. 5

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013)...................................................... 7, 8, 10

*Gissendaner v. Comm'r, Ga. Dep't of Corr.*,
    779 F.3d 1275 (11th Cir. 2015) ............................................. 3, 15

*Hilton v. Braunskill*,
    481 U.S. 770 (1987)......................................................... 17

*Hines v. D'Artois*,
    531 F.2d 726 (5th Cir. 1976) ............................................. 18

ii

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,*
143 F.3d 1006 (5th Cir.1998) ................................................................ 5

*Hooks v. Landmark Industries, Inc.,*
797 F.3d 309 (5th Cir. 2015) ....................................................... passim

*Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC,*
880 F. Supp. 2d 689 (D. Md. 2012) ...................................................... 6

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936) ........................................................ 15, 17, 18

*Lucero v. Bureau of Collection Recovery, Inc.,*
639 F.3d 1239 (10th Cir. 2011) ....................................................... 1, 9

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) ................................................................... 12

*Monsanto Co. v. Geertson Seed Farms,*
561 U.S. 139 (2010) ................................................................... 12

*Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.,*
781 F.3d 1245 (11th Cir. 2015) ..................................... 2, 12, 13, 14

*Pitts v. Terrible Herbst, Inc.,*
653 F.3d 1081 (9th Cir. 2011) ....................................................... 1, 9

*Reyes Cruz v. Wash Masters Management, LLC,*
No. 3:14-cv-04569 (N.D. Tex. May 29, 2015) ................................ 3, 18

*Ritter v. Thigpin,*
828 F.2d 662 (11th Cir. 1987) ....................................................... 3, 16

*Rutherford v. McDonough,*
466 F.3d 970 (11th Cir. 2006) ....................................................... 3, 16

*Sandoz v. Cingular Wireless, LLC,*
553 F.3d 913 (5th Cir. 2008) ......................................................... 1, 9

*Sarmiento-Perez v. Las Colinas Intern., Inc.,*
No. 3:14-cv-1898-L, 2015 WL 3539571 (N.D. Tex. June 5, 2015) ................ 3, 18

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Satterfield v. Simon & Schuster, Inc.,*
  569 F.3d 946 (9th Cir. 2009) .......................................................................... 2, 15

*Schwab v. Sec'y, Dep't of Corr.,*
  507 F.3d 1297 (11th Cir. 2007) ...................................................................... 3, 15

*Sierra Club v. Morton,*
  405 U.S. 727 (1972)............................................................................................. 12

*Sosna v. Iowa,*
  95 S. Ct. 553 (1975)............................................................................................. 6

*Spokeo, Inc. v. Robins,*
  135 S. Ct. 1892 (2015)....................................................................................... 1, 3

*Stein v. Buccaneers Ltd. Partnership,*
  772 F.3d 698 (11th Cir. 2014) ..................................................................... passim

*Suttles v. Specialty Graphics, Inc.,*
  No. 1:14-cv-00505-RP (W.D. Tex. June 17, 2015)...................................... 3, 19

*Tanasi v. New Alliance Bank,*
  786 F.3d 195 (2nd Cir. 2015) ........................................................................... 10

*United States v. Escalante–Reyes,*
  689 F.3d 415 (5th Cir. 2012) ............................................................................ 16

*United States v. Lopez–Velasquez,*
  526 F.3d 804 (5th Cir. 2008) ............................................................................ 16

*Vt. Agency of Natural Res. v. United States ex rel. Stevens,*
  529 U.S. 765 (2000)........................................................................................ 12, 14

*Warren v. Sessoms & Roger, P.A.,*
  676 F.3d 365 (4th Cir. 2012) .............................................................................. 6

*Warth v. Seldin,*
  422 U.S. 490 (1975)............................................................................................. 12

*Weiss v. Regal Collections,*
  385 F.3d 337 (3rd Cir. 2004) ........................................................................... 1, 9

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Winter v. Natural Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) .......................................................................................................... 17

*Zeidman v. J. Ray McDermott & Co.*,
    651 F.2d 1030 (11th Cir. 1981) ........................................................................................ 9

**Statutes**

47 U.S.C § 227 ......................................................................................................... 4, 15

TELEPHONE CONSUMER PROTECTION ACT OF 1991,
    Pub. L. No. 102-243 § 2(5) .............................................................................................. 2

**Rules**

FED. R. CIV. P. 12(b)(1) .............................................................................................. 1, 5

FED. R. CIV. P. 23 ........................................................................................................ 11

FED. R. CIV. P. 68 ............................................................................................. 2, 5, 6, 10

## I.  INTRODUCTION & SUMMARY OF RESPONSE

In its motion to dismiss, Esurance Insurance Services, Inc. ("Defendant") asks this Court to readily ignore Fifth Circuit precedent and stay this case pending the unknown outcome of the United States Supreme Court's decisions in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015).[1]  Defendant seeks dismissal of Plaintiff's First Amended Class Action Complaint ("FAC") pursuant to Rule 12(b)(1). Specifically, Defendant claims (1) Plaintiff lacks Article III standing for failing to allege any "actual, concrete injury-in-fact," and (2) Plaintiff's claims are moot because Defendant made on *offer* of judgment.[2] This same technical approach has been employed by countless defendants attempting to evade TCPA liability, yet it routinely fails.[3]

In *Hooks v. Landmark Industries, Inc.*,[4] the Fifth Circuit, on August 12, 2015, addressed the Rule 68 mootness issue and joined the majority of other circuits by holding an unaccepted Rule 68 offer of complete relief to the named plaintiff in a class action <u>does not moot the case</u>.  In the Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits, a Rule 68 offer of full relief to the named plaintiff does not moot a class action, even if the offer precedes a class-certification motion, so long as the named plaintiff has not failed to diligently pursue class certification.[5] Furthermore, "the Supreme Court has made clear, more than once, that the necessary personal stake in a live

---

[1] Def.'s Motion at pp. 2, 7-9 (Dkt. 29).
[2] Def.'s Motion at pp. 1, 5-7.
[3] *See e.g.* Exhibit 1, Order Adopting
[4] *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309 (5th Cir. 2015).
[5] *See Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008); *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239 (10th Cir. 2011); *Stein v. Buccaneers Ltd. P'Ship*, 772 F.3d 698 (11th Cir. 2014).

class action controversy sometimes is present even when the named plaintiff's own individual claim has become moot."[6]

As to Article III standing, the Eleventh Circuit resolved this issue in the context of a TCPA class action on March 9, 2015 in *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.*, holding the recipient of an illicit fax suffered an injury sufficient for Article III standing based solely on the invasion of a [TCPA] statutory right established by Congress.[7] The court expressly stated the "occupation of Plaintiff's fax machine is among the injuries intended to be prevented by the [TCPA] statute and is sufficiently personal or particularized to Palm Beach Golf as to provide standing."[8] In the present case, Defendant illegally contacted Plaintiff on her telephone, thereby invading the privacy of Plaintiff. FAC at ¶¶ 19, 42, 49.  Defendant wholly ignores the notion that Plaintiff suffered injuries in the form of invasion of privacy, injuries Congress contemplated when enacting the TCPA – "[u]nrestricted telemarketing can be an intrusive invasion of privacy…" TELEPHONE CONSUMER PROTECTION ACT OF 1991, Pub. L. No. 102-243 § 2(5) (1991).  "The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy."[9]

The holdings in *Hooks* and *Palm Beach* reflect a growing trend amongst the circuits toward striking down motions to dismiss based on Rule 68 mootness and Article III standing arguments. Therefore, this Court should deny Defendant's 12(b)(1) motion concerning Article III standing and mootness based on established authority directly addressing these issues.

---

[6] *Stein v. Buccaneers Ltd. P'Ship*, 772 F.3d at 705.
[7] *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.*, 781 F.3d 1245 (11th Cir. 2015).
[8] *Id*. at 1252.
[9] *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 954 (9th Cir. 2009).

Defendant's motion to stay must be also be denied because the best practice is to allow the litigation to proceed toward resolution rather than require Plaintiff and others in her position to wait perhaps another year for a Supreme Court decision.[10]  A grant of certiorari by the Supreme Court does not change the law,[11] and merely granting certiorari does not constitute new law either.[12]  On May 29, 2015, in the Northern District of Texas, U.S. District Judge David C. Godbey denied a similar request to stay proceedings pending the outcome of *Campbell-Ewald Company v. Gomez* in an FLSA collective action.[13]  A week later on June 5, 2015, U.S. District Judge Sam A. Lindsay also denied a request to stay proceedings pending the outcome of *Gomez*.[14]  Less than two weeks after Judge Lindsay's decision, U.S. District Judge Robert Pitman recognized the Northern District orders and denied denied a defendant's request to stay pending the outcome of *Spokeo* <u>in an almost identical TCPA class action as the present case</u>.[15]

As the Eleventh Circuit Court of Appeals observed in an analogous legal context vacating a stay of execution issued by a district court based on a grant of certiorari by the Supreme Court in a different case:

> [T]he grant of certiorari on an issue does not suggest a view on the merits. We don't know how the Supreme Court is going to decide the issues on which it has granted review [ ], and the Supreme Court probably does not know given the fact that briefing has not even been completed in that case."

*Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1299 (11th Cir. 2007); *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (<u>stating that "[o]ur decision in</u>

---

[10] *See Chapman v. First Index, Inc.*, 796 F.3d at 786 (7th Cir. 2015).
[11] *See Rutherford v. McDonough*, 466 F.3d 970, 977 (11th Cir. 2006).
[12] *See Ritter v. Thigpin*, 828 F.2d 662, 665-66 (11th Cir. 1987).
[13] *Reyes Cruz v. Wash Masters Management, LLC*, No. 3:14-cv-04569-N, Order (Dkt. #26) pp. 12–16 (N.D. Tex. May 29, 2015) (Godbey, J.). **Exhibit 1**
[14] *Sarmiento-Perez v. Las Colinas Intern., Inc.*, No. 3:14-cv-1898-L, 2015 WL 3539571, Order (Dkt. #43) pp. 7–10 (N.D. Tex. June 5, 2015). **Exhibit 2**
[15] *Suttles v. Specialty Graphics, Inc.*, No. 1:14-cv-00505-RP, Order (Dkt. 57) (W.D. Tex. June 17, 2015) (Pitman, J.). **Exhibit 3**

_Schwab_ is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari.") (emphasis added) (citations omitted).

Similarly, in the present case, this Court should not assign any precedential significance to the fact the Supreme Court has merely granted certiorari in _Campbell-Ewald Co. v. Gomez_ which presents a similar issue relating to Plaintiff's Article III standing to bring this lawsuit not only on his own behalf but on behalf of those similarly situated to him. As in _Schwab_, this Court has no way of divining whether the Supreme Court will decide the _Gomez_ case in such a manner as to benefit the Defendant's position with regard to the Plaintiff's alleged lack of standing to pursue this case for himself and those similarly situated to him. Therefore, the Court should conclude a stay of this case is not warranted and Defendant's Motion to stay must be denied.

## II.    FACTS & PROCEDURAL HISTORY

On August 5, 2015, Plaintiff filed her FAC against Defendant for violations of the TELEPHONE CONSUMER PROTECTION ACT ("TCPA")[16] on behalf of a putative class to stop Defendant's practice of making unsolicited telemarketing calls to the telephones of consumers nationwide. The TCPA permits private individuals to seek injunctive relief and recover an award of $500.00 in statutory damages for each and every violation,[17] and up to $1,500 for willful and knowing violations of the statute or its prescribed regulations.[18] Plaintiff's case is a putative class action brought under the TCPA on behalf of herself and the following class of similarly situated individuals:

> All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system, or pre-recorded voice, or any other device having the capacity to dial numbers without human intervention, from October 16, 2013 to the

---

[16] 47 U.S.C § 227, _et seq._
[17] 47 U.S.C § 227(b)(3)(B).
[18] 47 U.S.C § 227(b)(3).

date the Class is certified, where Defendant's records fail to indicate prior express written consent from the recipient to make such call.

*See* FAC ¶ 45.

On September 15, 2015, Defendant filed a motion to dismiss and alternative motion to stay this case [Dkt. #18]. On this same day, before seeing Defendant had filed its motion, Plaintiff's counsel sent an email to Defendant's counsel stating that Plaintiff had declined Defendant's Rule 68 offer. In Plaintiff's counsel's view, this correspondence contained privileged and confidential settlement communications; however, Defense counsel appears to dispute this contention. The next day, September 16, 2015, Defendant filed an amended motion, attaching as an exhibit Plaintiff's counsel's September 15, 2015 email in an apparent attempt to bolster its mootness argument [Dkt #22]. On September 17, 2015, Defendant filed a second amended motion including redactions to an exhibit [Dkt. #25]. The Court denied the original and first amended motions as moot; therefore, Plaintiff timely responds to the second amended motion as follows.

## III.   ARGUMENT & AUTHORITIES

### A.   APPLICABLE STANDARD FOR RULE 12(b)(1) MOTION

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998) (citation omitted). "When reviewing a dismissal for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo." *Funeral Consumers Alliance, Inc. v. Serv. Corp. Intern*., 695 F.3d 330, 336 (5th Cir.2012) (citation omitted).

When a defendant presents a Rule 68 offer of judgment to a plaintiff, the offer may in certain circumstances render a case moot.[19] Where relatively little time passes between filing a class complaint and a Rule 68 offer of judgment so that the named plaintiff has not yet moved for class certification, and where the maximum statutory fine is relatively small-thus making the claim susceptible to "pick-off" attempts, the "relation back" doctrine will apply and defeat claims of mootness.[20] Federal courts generally lack subject matter jurisdiction to consider moot claims. The U.S. Supreme Court has also recognized, however, this general rule is riddled with exceptions, particularly in the class action context.[21] Certification of a suit as a class action has important consequences, because certification is the time when "the class of unnamed persons described in the certification acquire [ ] a legal status separate from the interest asserted by [the named plaintiff]."[22]  As a result, certification "significantly affects the mootness determination."[23]

## B.    FROM THE FIFTH CIRCUIT ON AUGUST 12: AN OFFER OF JUDGMENT DOES NOT MOOT A PLAINTIFF'S CLAIM

The premise of Defendant's Motion is that if settlement offers purporting to offer full and complete relief are tendered before a class certification motion is filed, the case is over. A plaintiff's claims are moot, and thus even though the *class* gets no relief whatsoever, and even though the whole point of the case is to prosecute claims on behalf of the Class, the plaintiff no longer has the ability to prosecute claims on behalf of the Class. Thus, defendants sneak away with a victory based on some crafty procedural maneuvering.

---

[19] *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012).
[20] *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689 (D. Md. 2012).
[21] *See Sosna v. Iowa*, 419 U.S. 393, 402 n. 11, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975).
[22] *Id*. at 399.
[23] *Id*.

Try as Defendant may for this easy out, fatal to Defendant's argument is this detail – the Fifth Circuit has struck down the identical mootness argument Defendant lodges in this case.[24] Therefore, Defendant loses on this argument if this Court applies the new Fifth Circuit precedent. Defendant all but acknowledges this in its brief, but pleads with the Court to consider the U.S. Supreme Court's holding in *Genesis Healthcare Corp. v. Symczyk* – a FLSA case where the majority found the plaintiff conceded her individual claim was moot and thus did not consider this issue.[25] *Genesis* and based on vastly different facts and procedural history and is, therefore, not instructive on the precise issues examined by the *Hooks* court.  However, since the publishing of *Genesis* in 2013, Justice Kagan's powerful dissent in *Genesis* has played the role of guiding light for circuit courts analyzing the effect of an offer of judgment  individual and class claims.  Indeed, two other recent circuit decisions have followed Justice Kagan's analysis in route to striking down mootness arguments.

### i.  The *Hooks* case and its Application to This Case.

*Hooks* was an appeal of the district court's dismissal of a named-plaintiff's claim and putative class action under the Electronic Funds Transfer Act for lack of subject matter jurisdiction on mootness grounds.[26] The district court determined that because the Defendant–Appellee made an offer of judgment under Federal Rule of Civil Procedure 68 to the named plaintiff, even though the offer was not accepted, this mooted the individual's claim.[27]   After Hooks filed suit, the defendant tendered a Rule 68 offer of judgment and moved to dismiss once it was deemed Hooks had rejected it.[28]   The trial court granted the motion and Hooks appealed.

---

[24] *Hooks v. Landmark Indus., Inc.,* 797 F.3d 309, 311 (5th Cir. 2015).
[25] *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523, 185 L.Ed.2d 636 (2013).
[26] *Hooks* at 311.
[27] *Id.*
[28] *Id.*

On the path to its ultimate holding on the question of whether an unaccepted Rule 68 offer moots a plaintiff's claim, the Fifth Circuit stated as follows:

> "The Supreme Court in *Genesis Healthcare Corp. v. Symczyk*, declined to resolve a circuit split over 'whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot' when a Fair Labor Standards Act class has not been certified yet. —— U.S. ——, 133 S.Ct. 1523, 1528–29, 185 L.Ed.2d 636 (2013).  Rather, because the Court concluded that this issue had been waived by the parties, the *Genesis* Court merely assumed, without deciding, that the individual claim became moot after the Rule 68 offer of judgment. *Id*. at 1532. The Court ultimately held that the plaintiff had 'no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness,' based on the assumption that the unaccepted Rule 68 offer mooted the individual's claim….
>
> Justice Kagan, joined by Justices Ginsburg, Breyer, and Sotomayor declined to assume the mootness of the individual claim and, therefore, addressed the offer's effect on the named plaintiff's claim in dissent, stating that 'an unaccepted offer of judgment cannot moot a case[,] ... however good the terms.' *Id*. at 1533 (Kagan, J., dissenting). Justice Kagan also noted that, generally, an unaccepted offer is a legal nullity and '[n]othing in Rule 68 alters that basic principle; to the contrary, that rule specifies that '[a]n unaccepted offer is considered withdrawn.'…Justice Kagan cautioned 'the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home.'"[29]

The court then held:

> "We conclude that the reasoning of the Ninth and Eleventh Circuits is more persuasive and therefore hold that an unaccepted offer of judgment to a named plaintiff in a class action 'is a legal nullity, with no operative effect.' *Genesis,* 133 S.Ct. at 1533 (Kagan, J., dissenting). It is hornbook law that the rejection of an offer nullifies the offer. 1 Williston on Contracts § 5:3…We agree that '[n]othing in Rule 68 alters that basic principle,' and, in fact, Rule 68 considers an unaccepted offer to be withdrawn. 'Giving controlling effect to an unaccepted Rule 68 offer ... is flatly inconsistent with the rule.' The court is not deprived of the ability to enter relief—and thus the claim is not mooted—when a named plaintiff in a putative class action rejects a settlement offer from the defendant.'"[30]

The mootness issue presented and decided in *Hooks* is identical to the issue before this Court today.  However, unlike the *Hooks* court, this Court has binding authority on which to base

---

[29] *Hooks v. Landmark Indus., Inc.,* 797 F.3d at 313-14 (citation omitted).
[30] *Id.* at 315.

its decision to deny Defendant's motion to dismiss on mootness ground. Accordingly, the Court should deny Defendant's motion to dismiss.

### ii. Other Circuits Reject the Same Argument Defendant Makes Here.

This Court does not have to look back in time further than December of 2014 to discover a recent trend of circuit courts adopting Justice Kagan's analysis. *Stein v. Buccaneers Ltd. Partnership* and *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015) illustrate this point well. But the fact is, several circuits rejected the mootness argument years before the Kagan dissent in *Genesis*. Only now, it is clear that since its publication the power of Kagan's dissent has led to the development of a unmistakable trend away from the harsh practice of dismissing cases on mootness grounds after rejection of a Rule 68 offer.

Prior to *Genesis*, six circuits that had addressed the issue all agreed that a Rule 68 offer of judgment in full satisfaction of the named plaintiff's claims could not moot class claims, even an offer made before the named plaintiff filed a motion for class certification.[31] Only the Seventh Circuit deviated from these circuits insofar as it required a named plaintiff to simultaneously file a motion for class certification with his or her class action complaint in order to avoid a mootness dismissal when faced with an unaccepted Rule 68 offer in a class action.[32] Since the Supreme Court's decision in *Genesis*, each Court of Appeals to address this issue has uniformly found that an expired and unaccepted Rule 68 offer of judgment does not moot a plaintiff's claims in a class action.[33]

---

[31] *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090-91 (9th Cir. 2011); *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 347-49 (3rd Cir. 2004); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (11th Cir. 1981).
[32] *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011).
[33] *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015) (overruling *Damasco*); *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 311 (5th Cir. 2015); *Tanasi v. New Alliance Bank*, 786 F.3d 195, 200

Defendant's strict reliance on *Genesis* is misguided and ignores authority directly on point. Defendant argues that *Genesis* means the rejected offer of judgment made in this case – a Rule 23 class action – moots both the claims of the individual plaintiff and the claims of the putative class. *Genesis* was a FLSA action and not a Rule 23 class action, which are fundamentally different. Defendant also ignores the procedural differences between the cases – the plaintiff in *Genesis* waived the mootness argument as to her individual claim.[34] Like the *Hooks* court, recent circuit courts acknowledge these distinctions when rejecting mootness arguments like Defendant presents here.

The underlying procedural history in *Stein v. Buccaneers Ltd. Partnership*,[35] is strikingly similar to the present case. In *Stein*, six named plaintiffs filed a TCPA class action against Buccaneers Ltd. Partnership ("BLP") for sending unsolicited faxes to the named plaintiffs and the members of the proposed class.[36] Three days after being served with process, BLP sent all named plaintiffs Rule 68 offers of judgment purporting to fully compensate each plaintiff for the illicit calls.[37] Two days later, BLP moved to dismiss for lack of jurisdiction, asserting the offers rendered the case moot as to the individual plaintiffs and the proposed class.[38]

BLP's motion "stirred the plaintiffs to action…" and prompted them to file what the trial court described as a "terse and admittedly (in fact, purposefully) premature" motion to certify the class.[39] Just as in the present case, the *Stein* plaintiffs had no time to conduct class discovery and were essentially forced to file a placeholder motion. Unfortunately, however, the trial court

---

(2nd Cir. 2015); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 703-04 (11th Cir. 2014); *Diaz v. First Am. Home Buyers Prot. Corp*., 732 F.3d 948, 954-55 (9th Cir. 2013).
    [34] *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 at 1532.
    [35] *Stein v. Buccaneers Ltd. Partnership*, 772 F.3d 698 (11th Cir. 2014).
    [36] *Id.* at 699.
    [37] *Id.*
    [38] *Id.* at 701.
    [39] *Id.*

entered an order deeming the individual and class claims moot.[40]  The Eleventh Circuit reversed the trial court, and in the process, provided a deep analysis at to why a rejected Rule 68 offer does not have the effect of erasing all controversy in the case.

The two issues before the court in *Stein* were similar to those in the present case (1) "whether an individual plaintiff's claim becomes moot when the plaintiff does not accept a Rule 68 offer of judgment that, if accepted would provide all the relief the plaintiff seeks;" and (2) "whether, if the answer is yes and such offers are made to all the named plaintiffs in a proposed class before they move to certify the class, the named plaintiffs may nonetheless go forward a class representatives."[41]  In addressing the first issue, the court stated that dismissing the individual claims on the basis of a rejected Rule 68 offer is "flatly inconsistent with the rule."[42]  In reaching its conclusion, the court first acknowledge that in *Genesis* the Supreme Court was looking at rejected Rule 68 offer solely in the context of a collective action under the FLSA.[43]  Therefore, the majority's holding in *Genesis* has no bearing on Rule 23 class actions.  The *Stein* court also took special care to detail Justice Kagan's rather defiant dissent in *Genesis.*  The same approach should be adopted here.

## C.   PLAINTIFF HAS ARTICLE III STANDING

Defendant argues that Plaintiff lacks standing under the Constitution to sue because she has not suffered an injury-in-fact, specifically monetary loss, from the plethora of phone calls she received.  This argument is frivolous.  "Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged

---

[40] *Id.*
[41] *Id.* at 702.
[42] *Id.*
[43] *Id.*

action; and redressable by a favorable ruling."[44] Congress cannot transform "generalized grievances" by undifferentiated members of the public into "individual right[s] vindicable in the courts."[45] However, a Plaintiff need not demonstrate monetary loss to establish Article III standing. Non-economic injury is sufficient, as long as the Plaintiff is "himself among the injured" and not merely an undifferentiated member of the public.[46] Congress "may create a statutory right or entitlement [,] the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute."[47]

A statutory right is cognizable under Article III as long as the process of vindicating it "consist[s] of obtaining compensation for, or preventing, the violation of [the] right."[48] "The TCPA, in this instance, creates such a cognizable right."[49] The legislative history of the TCPA makes clear that the provision against autodialing was drafted to protect "consumers who pay additional fees for cellular phones, pagers, or unlisted numbers [and] are inconvenienced and even charged for receiving unsolicited calls from automatic dialer systems."[50]  In receiving unsolicited calls, Plaintiff clearly experienced the very sort of inconvenience against which Congress sought to protect her. She is entitled to seek compensation for violations of this right, regardless of whether she suffered monetary damages. *See Chapman v. Wagener Equities, Inc.,* 747 F.3d 489, 491 (7th Cir. 2014). (Judge Posner explaining that "no monetary loss need to be shown to entitle the [ ] recipient to statutory damages [under the TCPA] ... [,] for such damages not only serve to compensate for injuries difficult to estimate in dollar terms, but also, like statutory compensation

---

[44] *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010).
[45] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
[46] *Sierra Club v. Morton*, 405 U.S. 727, 734–35, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).
[47] *Warth v. Seldin*, 422 U.S. 490, 514, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).
[48] *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000).
[49] *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.*, 781 F.3d 1245, 1252 (11th Cir. 2015).
[50] *See* H.R.Rep. No. 102–317, at 24 (1991).

for whistleblowers, operate as bounties, increasing the incentives for private enforcement of law.").

The Eleventh Circuit resolved the question of standing in the context of a TCPA class action on March 9, 2015, holding a recipient of an illicit fax suffered an injury sufficient for Article III standing solely based on the invasion of a [TCPA] statutory right established by Congress.[51] Defendant boldly states that *Palm Beach* "is a far cry" factually from this case.[52]  After careful study, only one conclusion can be reached on the supposed vast differences in the cases – the plaintiff in *Palm Beach* complained of calls to his fax machine in violation of the TCPA as opposed to the nature of the claims in this case – calls to a cellular telephone in violation of the TCPA. Plaintiff struggles to understand the meaningful distinction Defendant tries to draw.  Truthfully, there is no real distinction between the cases except for the devices that received the calls, which are both covered by the TCPA.

In *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.* , the plaintiff Palm Beach received an unsolicited fax advertisement from John G. Sarris, D.D.S. promoting the defendant's dental services.[53]  Palm Beach brought a class action suit under the TCPA, and the District Court granted summary judgment immediately after oral argument.  The District Court was moved by the fact the evidence showed no Palm Beach employee could recall seeing or printing the fax advertisement.  There was, however, evidence in the form of an expert report showing Palm Beach did actually receive a fax the defendant sent. In granting summary judgment for the defendant, the district court held Palm Beach lacked Article III standing because it could not demonstrate it suffered an injury-in-fact.

---

[51] *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.*, 781 F.3d 1245 (11th Cir. 2015).
[52] Def's Mot. at p. 7.
[53] *Id.* at 1248.

On appeal, Palm Beach argued the specific injury targeted by the TCPA is the sending of the fax and resulting occupation of the recipient's telephone line and fax machine, not that the fax was actually printed and read.  The Eleventh Circuit examined relevant authority on Article III standing—"generally, a legal interest sufficient to create standing 'must consist of obtaining compensation for, or preventing, the violation of a legally protected right.' "[54] Congress, however, may 'define new legal rights, which in turn will confer standing to vindicate an injury cause to the claimant.'"[55]  "Thus, where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights."[56] The Eleventh Circuit went on to reverse the district court, holding the question of "whether Plaintiff actually received the facsimile is irrelevant to liability under the TCPA," and Palm Beach suffered an actual, cognizable, and personalized injury by receiving the fax advertisements.[57]

In the present case, Plaintiff suffered an "actual, cognizable, and personalized injury" the TCPA was designed to protect when Congress enacted it. Defendant illegally contacted Plaintiff on her telephone, thereby invading the privacy of Plaintiff. FAC at ¶¶ 19, 42, 49.  Defendant wholly ignores the notion that Plaintiff suffered injuries in the form of invasion of privacy, injuries Congress contemplated when enacting the TCPA – "[u]nrestricted telemarketing can be an intrusive invasion of privacy…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991).  "The purpose and history of the TCPA indicate that Congress was trying to

---

[54] *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S.*, 781 F.3d at 1251, *citing Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772, 120 S.Ct 1858, 1862 (2000).
[55] *Id*. citing *Stevens* at 773.
[56] *Id*.
[57] *Id*.

prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy."[58]

Plaintiff pled facts showing these calls invaded her privacy and were disruptive: Defendant "invaded the personal privacy of Plaintiff and members of the putative class." *Id.* at ¶ 19. Plaintiff wanted Defendant to stop calling. *Id.* at ¶ 30.  The calls Defendant placed to Plaintiff caused Plaintiff to incur charges or reduction in usable minutes, and invaded her privacy.  *Id.* at ¶ 49. These facts sufficiently allege actual injuries that are personal in nature (privacy rights violations), which is precisely the sort of injury Congress intended to prevent when it enacted the TCPA.[59]

### D.   A STAY OF THIS CASE IS IMPROPER

### i.   A Grant Of Certiorari Has No Precedential Significance

Plaintiff is mindful of "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."[60] However, "[t]he grant of certiorari on an issue does not suggest a view on the merits." *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1299 (11th Cir. 2007). In *Schwab*, the Eleventh Circuit recognized the problems and uncertainty associated with staying an entire case based solely on a grant of certiorari, stating "We don't know how the Supreme Court is going to decide the issues on which it has granted review [ ], and the Supreme Court probably does not know given the fact that briefing has not even been completed in that case." *Id.*; *see also Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (stating that "[o]ur decision in *Schwab* is the latest in a long line of cases refusing to assign precedential significance to grants of certiorari.") (emphasis added) (citations omitted).

---

[58] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).
[59] 47 U.S.C § 227, *et seq.*
[60] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

With regard to the Fifth Circuit view on staying cases properly before the district court, the *Hooks* court stated, "[w]e recognize that the Supreme Court recently granted certiorari to resolve the issue presented in this case…the parties have not requested a stay pending the outcome of that case, <u>and due to uncertainty of timing and nature of resolution, we ordinarily do not wait in such situations</u>. *Hooks v. Landmark Indus., Inc.*, 797 F.3d at 314 n. 6 (emphasis added), *citing United States v. Lopez–Velasquez*, 526 F.3d 804, 808 n. 1 (5th Cir. 2008); cf. *United States v. Escalante– Reyes*, 689 F.3d 415, 431 n. 8 (5th Cir. 2012) (en banc) (Smith, J., dissenting) (although the issue in that case was presented in a case where certiorari was granted, the court addressed it without waiting for the Supreme Court's decision).

A grant of certiorari by the Supreme Court does not change the law,[61] and merely granting certiorari does not constitute new law either.[62] Furthermore, Defendant disregards the Supreme Court's admonishment that federal courts have a "virtually unflagging obligation," absent "exceptional circumstances," to exercise jurisdiction when a case is properly before the Court.[63] Plaintiff's present case is properly before the court and no exceptional circumstances exist to warrant a stay.

### ii. Defendant Fails to Satisfy the Four Factors Necessary to Stay this Case

In deciding whether to issue a stay, a court must consider four factors: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest

---

[61] *See Rutherford v. McDonough*, 466 F.3d 970, 977 (11th Cir. 2006).
[62] *See Ritter v. Thigpin*, 828 F.2d 662, 665-66 (11th Cir. 1987).
[63] *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

lies.[64] Serious questions going to the merits—as opposed to likelihood of success—and a balance of hardships that tips sharply in the moving party's favor may also support issuance of a stay.[65]

Even if Defendant had demonstrated "serious questions going to the merits," which they have not, the remaining factors must tip *sharply* in Defendant's favor, and they do not. In its motion, Defendant fails to provide *any* argument or reference whatsoever to the second factor—irreparable harm to Defendant absent a stay. Plaintiff realizes significant resources are expended by all parties in the context of class action litigation, but litigation expenses alone are insufficient to establish irreparable harm. Moreover, the third factor favors moving forward in this litigation since Plaintiff will be prejudiced by a significant delay with unknown limits. Memories fade, records get lost or destroyed as time wears on, and employees get fired, transferred, or quit. As to the last factor, the public interest lies in the proper resolution of the issues presented in this case. The public interest includes not only the legal issues involved, but also the timely resolution of this case.

The proponent of a stay (*i.e.*, Defendant) bears the burden of establishing its need.[66] In this case, there is no possible way to assess whether a stay is warranted. The court's power to stay cases before it is not boundless. A stay that is so extensive as to be "immoderate" is an abuse of discretion.[67] The general test for imposing a stay requires the court to "balance interests favoring a stay against interests frustrated by the action" in light of the "court's paramount obligation to exercise jurisdiction timely in cases properly before it."[68] In *Landis*, the court suggests the hardship

---

[64] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).
[65] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).
[66] *Landis*, at 255.
[67] *Landis*, at 257.
[68] *Id.*

requirement was aimed at stays causing harm to parties in the stayed suit or others who are not

parties in a parallel proceeding:

> True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis*, 299 U.S. at 255. When a district court exercises its discretion to stay a case pending the

resolution of related proceedings in another forum, the district court must limit properly the scope

of the stay. A stay must not be "immoderate."[69] In considering whether a stay is "immoderate,"

the court must examine both the scope of the stay (including its potential duration) and the reasons

for the stay.[70] As the Supreme Court has explained, "[a] stay is immoderate and hence unlawful

unless so framed in its inception that its force will be spent within reasonable limits, so far at least

as they are susceptible of prevision and description."[71] The stay requested by Defendant in this

case is immoderate, and uncertain. Therefore, Defendant's Motion to stay should be denied.

### iii. District Courts in This Circuit Have Refused to Stay Cases Like This

On May 29, 2015, in the Northern District of Texas, U.S. District Judge David C. Godbey

denied a similar request to stay proceedings pending the outcome of *Campbell-Ewald Company v.*

*Gomez* in an FLSA collective action.[72]  A week later on June 5, 2015, U.S. District Judge Sam A.

Lindsay also denied a request to stay proceedings pending the outcome of *Gomez.*[73]  Less than two

weeks after Judge Lindsay's decision, U.S. District Judge Robert Pitman recognized the Northern

---

[69] *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir.1982).
[70] *See Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976).
[71] *Landis*, at 257.
[72] *Reyes Cruz v. Wash Masters Management, LLC*, No. 3:14-cv-04569-N, Order (Dkt. #26) pp. 12–16 (N.D. Tex. May 29, 2015) (Godbey, J.). **Exhibit 1**
[73] *Sarmiento-Perez v. Las Colinas Intern., Inc.*, No. 3:14-cv-1898-L, 2015 WL 3539571, Order (Dkt. #43) pp. 7–10 (N.D. Tex. June 5, 2015). **Exhibit 2**

District orders and denied denied a defendant's request to stay pending the outcome of *Spokeo* in an almost identical TCPA class action as the present case.[74]  This Court should follow this trend in the interest of uniformity and justice.

## IV.    CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tiffney Jamison respectfully requests this Court (1) deny Defendant's motion to dismiss; (2) deny Defendant's motion to stay and (3) grant Plaintiff and the putative class all other relief to which they may be entitled, at law or in equity.

---

[74] *Suttles v. Specialty Graphics, Inc.*, No. 1:14-cv-00505-RP, Order (Dkt. #57) (W.D. Tex. June 17, 2015) (Pitman, J.). **Exhibit 3**

Respectfully Submitted,

**HUGHES ELLZEY, LLP**


_____*/s/ W. Craft Hughes*_____

W. Craft Hughes
*Attorney-in-Charge*
Texas Bar No. 24046123
craft@hughesellzey.com
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@hughesellzey.com
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone (713) 554-2377
Fax (888) 995-3335

Mark A. Alexander (TBN 01007500)
**MARK A. ALEXANDER, P.C.**
5080 Spectrum Drive, Ste. 850
Addison, Texas 75001
Phone (972) 364-9700
Facsimile (972) 239-2244


**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Northern District of Texas, Austin Division, on October 7, 2015, and served on all counsel of record who have consented to electronic notification *via* CM/ECF.

_/s/ Jarrett L. Ellzey_
Jarrett L. Ellzey